## Fourth Department, December, 1963

## (December 5, 1963)

■ Jenss Building Corporation, Appellant-Respondent, v. Stephen Nikitas, Respondent-Appellant.— Judgments and order unanimously reversed on the law and facts, without costs of these appeals to either party, and a new trial granted, with leave to plaintiff to move to amend the complaint, if so advised, within 20 days after entry and service of a copy or the order herein. Memorandum: This action was brought in equity to restrain defendant from trespassing on plaintiff's land and from continuing erection of a building thereon. Pending trial defendant completed construction of his building and, without any amendment of the pleadings, the trial was thereafter conducted before an Official Referee as an action for damages. The Referee's decision, which contained no findings of fact, recited that an injunction being no longer an issue, plaintiff was seeking damages under the prayer of its complaint for other and further relief and held that plaintiff was not entitled to damages. The judgment appealed from, entered November 5, 1959, dismissed the complaint on the merits. On appeal from that judgment, we reserved decision and remitted the matter to the Official Referee before whom it was tried for the purpose of his making a decision to be filed in this court in a supplemental record. (14 A D 2d 824.) The Referee died before a decision was made. Thereafter, pursuant to a stipulation of the parties and a further order of this court, a Justice of the Supreme Court rendered a decision on the record of the trial before the Official Referee, in which he found that defendant in erecting his building had made use of the wall of plaintiff's building and that he was, therefore, obligated by the terms of a party wall agreement to pay plaintiff one half the cost of the wall so used. The court found plaintiff's

damages to be $2,500. A judgment was entered on September 27, 1962 in favor of plaintiff for that amount and costs. Defendant has appealed therefrom and such appeal is now before us as well as the appeal by plaintiff from the judgment entered November 5, 1959, dismissing its complaint, on the merits. The finding that defendant had made use of plaintiff's wall is supported by evidence in the record but there is no evidence to support the court's finding of damages. The judgment first entered should be reversed bcause it is not supported by the decision. The judgment last entered should be reversed because it is against the weight of the evidence. Defendant's liability under a party wall agreement is not within the issues defined by the pleadings. If plaintiff wishes to litigate that issue, it should seek to amend its complaint. (Appeal by plaintiff from judgment of Niagara Supreme Court dismissing the complaint on the merits, in an injunction action; appeal by defendant from judgment and order of Niagara Trial Term vacating a judgment in favor of defendant; and in favor of plaintiff and against defendant in the sum of $2,500 plus interest and costs and disbursements. The order denied motion of defendant to vacate the judgment; also appeal by plaintiff from certain parts of the order which reduced the amount of the judgment.) Present — Williams, P. J., Goldman, Henry and Noonan, JJ.